FILED
January 06, 2026
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY: _____NM_____
DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| MEDARDO DAVID CUELLAR HIDALGO,<br><br>Petitioner,<br><br>v.<br><br>REYNALDO CASTRO, Warden, South Texas Detention Center, in his official capacity, *et al.*,<br><br>Respondents. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§  NO. SA-25-CV-1696-OLG |

## ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS

Before the Court is Medardo David Cuellar Hidalgo's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (Dkt. No. 1), to which Respondents have responded (Dkt. No. 5).

Based on the pleadings, the relevant facts in this case are essentially undisputed: Petitioner is a citizen of Honduras who entered the United States without inspection in October 2006. (*See* Dkt. No. 1 ¶ 55; Dkt. No. 5 at 2.) This proceeding turns entirely on whether, as the Board of Immigration Appeals has held, all those aliens who are applicants for admission by virtue of their being present in the United States without having been admitted or paroled are subject to mandatory detention under § 1225(b)(2)(A). *See Matter of Yajure Hurtado*, 29 I&N Dec. 216, 220–21 (BIA 2025). If not, Petitioner would be subject only to discretionary detention under 8 U.S.C. § 1226(a) and, thus, entitled to a bond redetermination before an immigration judge. (*See* Dkt. No. 1 ¶¶ 68–70; Dkt. No. 5 at 5–6.)

Having already resolved this question against Respondents' position in other habeas cases,[1] the Court required Respondents to consider its prior orders and identify in their response any

---

[1] *See Rahimi v. Thompson*, No. SA-25-CV-1338-OLG, Order Granting in Part Petition for Writ of Habeas Corpus (W.D. Tex. Dec. 4, 2025); *Mendoza Euceda v. Noem*, No. SA-25-CV-1234-OLG, Order Granting in Part Petition for Writ of Habeas Corpus (W.D. Tex. Nov. 17, 2025); *see also Perez-Puerta v.*

material differences between the facts of this case and the facts presented in those cases. (Dkt. No. 3.) On December 22, 2025, Respondents advised that "Petitioner's case is not materially different from *Mendoza Euceda v. Noem*, Order, No. SA-25-CV-1234-OLG (W.D. Tex. Nov. 17, 2025)." (Dkt. No. 5 at 2.)[2]

Accordingly, given the absence of any material differences between this case and *Mendoza Euceda*, the Court will grant the Petition. However, because Petitioner already received a bond hearing and individualized custody determination on July 28, 2025 (*see* Dkt. No. 1-5), instead of ordering Respondents to provide Petitioner with another bond hearing, the Court will order compliance with the Immigration Judge's bond order.

Petitioner Medardo David Cuellar Hidalgo's Petition for Writ of Habeas Corpus (Dkt. No. 1) is therefore **GRANTED IN PART** in that Respondents must release Petitioner immediately upon his payment of a $10,000 bond, subject to the same conditions ordered by the Immigration Judge on July 28, 2025. (*See* Dkt. No. 1-5.)

The Petition is **DENIED IN PART** to the extent that Petitioner seeks to recover attorney's fees under the Equal Access to Justice Act. *Barco v. Witte*, 65 F.4th 782, 785 (5th Cir. 2023) ("[T]he EAJA does not authorize attorney's fees for successful 28 U.S.C. § 2241 motions."), *cert. denied*, 144 S. Ct. 553 (2024).

---

*Johnson*, No. SA-25-CV-1476-OLG, Order Granting Petition for Writ of Habeas Corpus (W.D. Tex. Dec. 15, 2025).

[2]Indeed, the Court notes that Respondents here cite the same jurisdiction-stripping provisions of the INA—i.e., 8 U.S.C. §§ 1252(g), 1252(b)(9), and 1225(b)(4)—which the Court has already addressed and found to be inapplicable in cases like this one. (*See* Dkt. No. 5 at 6–7; *Perez-Puerta*, No. SA-25-CV-1476-OLG, Order Granting Petition for Writ of Habeas Corpus; *Rahimi*, No. SA-25-CV-1338-OLG, Order Granting in Part Petition for Writ of Habeas Corpus; *Mendoza Euceda*, No. SA-25-CV-1234-OLG, Order Granting in Part Petition for Writ of Habeas Corpus.

This case is **CLOSED**.

It is so **ORDERED**.

**SIGNED** this _____ day of January 2026.

_____
ORLANDO L. GARCIA
United States District Judge